Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227138)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Deborah A. Lyons,

**HYDE & SWIGART**
San Diego, California

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH A. LYONS,** | **Case No.:**   '13CV0011 LAB  KSC |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| **v.** | |
| **MICHAEL & ASSOCIATES; AND, ATTORNEY LINA,** | I.   **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)** |
| **Defendants.** | **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.   Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.    DEBORAH A. LYONS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Michael & Associates (individually as "Michael" or collectively as "Defendants"), and Attorney Lina (individually as "Attorney Lina" or collectively as "Defendants") with regard to attempts by Defendants, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.    Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6.    Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.    Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

**JURISDICTION AND VENUE**

8.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k).

HYDE & SWIGART
San Diego, California

1.   This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

2.   Because Defendants do business within the State of California, personal jurisdiction is established.

3.   Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.   Plaintiff is a natural person who resides in the City of San Diego County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.   In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Plaintiff is informed and believes, and thereon alleges, that Michael is a company operating from the State of California.

6.   Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by 15 U.S.C. § 1692a(6).

7.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. 1692a(5).

**FACTUAL ALLEGATIONS**

8.   At all times relevant, Plaintiff is an individual residing in the State of California, County of San Diego.

9.   Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

10.   Within the past four years, Plaintiff allegedly incurred financial obligations to  the original creditor, American Express, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore a "consumer debt" as that term is defined by  15 U.S.C. § 1692a(6).

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

11. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

12. Subsequently, but before October 7, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Michael for collection.

13. On December 7, 2011, Defendants initiated a lawsuit in the State of California, County of Monterey, against Plaintiff in an attempt to collect the alleged debt. Plaintiff discovered this fact, when she was served with the lawsuit in mid January 2012.

14. Plaintiff did not reside in the County of Monterey, at the time the lawsuit was filed, did not enter in the alleged contract with any Defendants and/or American Express Bank, FSB while present in the County of Monterey.

15. Defendants initiated the initial lawsuit against Plaintiff, unrelated to real property, in a judicial district or similar legal entity that is outside of where Plaintiff allegedly signed the contract sued upon, and is outside the judicial district or similar legal entity where Plaintiff resided at the commencement of the action. This conduct by Defendants violated 15 U.S.C. § 1692i.

16. As a result of Defendants' illegal conduct, Plaintiff has incurred damages, including being forced to defend a baseless action in a County in which Plaintiff does not reside and, Defendants violated 15 U.S.C. §§ 1692i.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

19. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendants individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,
- any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

20. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 3, 2012                                        Respectfully submitted,

                                                                          **Hyde & Swigart**

                                                                By: _____/s/ Joshua B. Swigart___
                                                                      Joshua B. Swigart, Esq.
                                                                      Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California