Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Deborah A. Lyons

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Deborah A. Lyons | **Case No: 13-CV-0011-LAB-KSC** |
|---|---|
| Plaintiff, | Opposition to Motion to Dismiss Complaint Under Rules 12(b) and 12(b)(3) |
| v. | |
| Michael & Associates; and, Attorney Lina | **Date: 5/20/13** <br> **Time: 11:30 AM** |
| Defendants. | **Judge: Hon. Larry A. Burns** |

---

**Opposition To Dismiss Pursuant To Fed. R. Civ. P. 12**

## I.   Evidential Objections

In ruling on motion under Fed. R. Civ. P. 12(b)(6), the court may consider material which is properly submitted as part of complaint, but the court does not consider extrinsic evidence without treating the motion as a motion for summary judgment. *Fed. R. Civ. P. 12(d)*.

Here, Defendants attempt to introduce extrinsic evidence in order to support an erroneous claim. This evidence includes a declaration by Lina M. Michael, and a supposed "TrueEarnings Business Card Agreement." This is improper under Rule 12, and this evidence is inadmissible at this time. Defendant's other attempts to introduce evidence at this stage as judicial notice are also improper.

Further, on a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. Cal. 2001); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999) "All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Id*. Consequently, the truth of the facts recited within these documents from Defendant are still in question. This attempt at introducing extrinsic evidence, including the page and a half of purported, and not cited, facts in Defendants' introduction, cannot be considered at this stage.

## II.   Argument

### A.   Plaintiff's FDCPA Complaint is not "time-barred."

Here Defendants assert that "Plaintiff's Complaint was filed January 3, 3013 [SIC], over a year after the alleged violation. Thus of [SIC] the face of statue, this case should be dismissed as time-barred, because the sole violation mentioned in Plaintiff's Complaint was the filing of a complaint by Defendants, against Ms. Lyons, over a year prior to the filing this Complaint." Defs' Motion, Docket # 3-2, page 5 of 18, lns 1-7. However, this is not the issue here.

As the court in *Tourgeman v. Collins Fin. Servs.*, 2011 U.S. Dist. LEXIS 81070 (S.D. Cal. July 26, 2011) recently noted on the statute of limitations issue:

> A one-year statute of limitations applies to FDCPA and Rosenthal Act claims. § 1692k(d); Cal. Civ. Code § 1788.30(f). The discovery rule applies to claims under the FDCPA, so the limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998)) (internal quotation marks omitted).

*Tourgeman v. Collins Fin. Servs.*, at 19. Consequently, the issue here is not when the violation occurred, as Defendants claim, but "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. Here Plaintiff discovered the violation within the one year statute of limitations. Compl., Docket # 1, page 4 of 5, ¶ 13 ("Plaintiff discovered this fact, when she was served with the lawsuit in mid January 2012.").

Defendants look to *Naas v. Stolman*, 130 F.3d 892 (9th Cir. Cal. 1997), claiming the cases establishes that "time begins to run on the date the lawsuit at issue is filed, not served." Defs' Motion, Docket # 3-2, page 5 of 18, lns 8-9. But in *Naas*, the court did not address the issue of service versus filing, and *Naas* also did not discuss the issue of the consumer's knowledge of the violation or the federal discovery rule.

Most importantly here, twelve years after the *Naas* decision, the Ninth Circuit had the opportunity to address the specific issue seen here, in *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009). In *Mangum* the court held that the federal discovery rule applies to claims under the FDCPA, so the limitations period does not begin to run until "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009).

Here the consumer, Ms. Lyons, only discovered that she had been sued, and where she had been sued, "when she was served with the lawsuit in mid January 2012." Compl., Docket # 1, page 4 of 5, ¶ 13. This is within the one year statute of limitations provided for under the FDCPA and California's Rosenthal Act, and consequently, Plaintiff's action is not time barred.

This makes sense as service of process is especially important as the whole purpose of serving a party with a complaint is to *provide notice*. There is no evidence that Plaintiff knew or had reason to know of the injury which is the basis of the action prior to being served, nor could there be.

If the court were to do as Defendants suggest, debt collectors could, and no doubt would, wait until the very last moment before serving the consumer when the collector sued in the wrong judicial district as this would ensure the one-year period would run. Such conduct would create a loophole that would frustrate the FDCPA and Rosenthal Act's remedial purpose.

> Defendant continues to ignore the needless and absurd loophole its strained construction creates. The Ninth Circuit has repeatedly admonished that "the FDCPA … should be construed liberally in favor of the consumer," and thus that courts should not "create needless loopholes that work to the disadvantage of the individuals the FDCPA was enacted to protect." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006); see also *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010) ("the FDCPA should by construed liberally to effect its remedial purpose"); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1228 (9th Cir. 1988) ("One who deliberately goes perilously close to an area of proscribed conduct takes the risk that he may cross the line.") (internal quotation omitted).

*Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 42921, 4-5 (S.D. Cal. Mar. 26, 2013).

Fortunately for consumers, the rule with regard to this issue is settled. In *Coleman v. Daniel N. Gordon, P.C.*, the Eastern District of Washington was faced

1 with the same issue here, filing versus knowledge of the filing, and found for the
2 consumer.

> Through her third count, Ms. Coleman challenges Defendants' November 20, 2009 application for the issuance of a writ of garnishment to WESCU. Clearly, this December 8, 2010 - filed lawsuit is more than one year after Defendants applied for the writ of garnishment on November 20, 2009.  However, when viewing the facts in Ms. Coleman's favor, the Court finds Ms. Coleman filed her lawsuit within one year of learning of the writ of garnishment. Ms. Coleman received actual notice of the writ of garnishment on February 9, 2010, when WESCU mailed Ms. Coleman a copy of its answer.  Although Ms. Coleman learned of the default judgment in September 2009, she was not expected to continually check with the Snohomish County to see whether Defendants would apply for a writ of garnishment or take other judicial steps to enforce the judgment.  Rather Mrs. Coleman could reasonably expect to receive notice of such action from Defendants, especially given that she requested verification of the default judgment from Defendants. Accordingly, under the circumstances, the Court finds Ms. Coleman's § 1692i(a)(2) challenge to Defendant's writ-of-garnishment application to be timely.   Defendants' summary-judgment motion is denied in this regard.

*Coleman v. Daniel N. Gordon, P.C.*, 2011 U.S. Dist. LEXIS 146329, 9-10 (E.D. Wash. Dec. 12, 2011).

Defendants also say a strange thing.  Defendants claim that "Judge M. James Lorena [SIC] of the U.S. District Court, Southern District of California followed the *Naas* decision, and did not apply the general discovery rule where the specific violation is the filing of a complaint in *Cappos v. Suppa, Trucchi & Henin, LLP*, 2012 U.S. Dist. LEXIS 173383 (S.D. Cal. Dec. 5, 2012).  Defs' Motion, Docket # 3-2, page 5 of 18, ln 25 - page 6 of 18, ln 4.  But that is not what the Honorable M. James Lorenz did at all.

Contrary to Defendants' claim, the court in *Cappos* did not ignore, or rule contrary to, *Naas*.  The court merely pointed out that whether it looked to *Naas* or *Mangum*, it made no difference.  In *Cappos*, the court stated that "Given that this

action commenced on February 9, 2012, under either date—when Wells Fargo filed its state-court complaint, or when Plaintiffs filed their answer to the state-court complaint—Plaintiffs' claims for violations of the FDCPA and Rosenthal Act against ST&H and Wells Fargo are time-barred." *Cappos v. Suppa, Trucchi & Henin, LLP*, 2012 U.S. Dist. LEXIS 173383, 9 (S.D. Cal. Dec. 5, 2012). Thus, Judge Lorenz was giving proper deference to the *Mangum* decision.

Further, even if the *Cappos* court *had* done as Defendants claim, and ignored *Mangum*, Defendants claim that this court would be bound by such an error rather than the Ninth Circuit's decision in *Mangum* is untrue. As the court undoubtably knows, a Ninth Circuit decision takes precedent over a district court's decision on the same issue.

**B.   Defendants' reference to the equitable doctrine of laches is misplaced.**

Defendants' argument concerning laches in this case is inapposite. Defs' Motion, Docket # 3-2, § B. In statutory cases such as this, defenses are limited to those set out in the statute itself. *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); see also *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text."). *Id.*, at 232. In other words, "principles of equity [cannot] be used to avoid a statutory mandate." *Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235, 1244 (Cal. App. 2d Dist. 2004).

The FDCPA is a strict liability. *Reichert v. National Credit Systems, Inc.* 531 F.3d 1002, 1004 (9th Cir, 2008) ("After the district court ruling, and after this appeal was briefed, our court decided [*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)], which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.") The FDCPA provides only three defenses - statute of limitations; reliance on an FTC

advisory opinion; and bona fide error.  15 U.S.C. § 1692k(c)-(e).  Thus, other defense, such as common law laches, do not apply.

Further, "[t]he existence or non-existence of laches is generally an issue of fact. It is also generally raised as an affirmative defense…." *Manuel v. Shipyard Holdings*, 2001 U.S. Dist. LEXIS 18097, 24 (N.D. Cal. Nov. 2, 2001).  An affirmative defense is the "defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003).  "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282 (1961).  Since Defendants cannot provide additional facts at this stage, and since laches does not apply to FDCPA cases in any event, any laches argument here is meritless.

### C.  Defendants' argument regarding Fed. R. Civ. P. 12(b)(3) is meritless.

28 U.S.C. § 1391(b) is phrased in the disjunctive, so Plaintiff may bring his action in any forum that is proper under either § 1391(b)(1) or (b)(2). Section 1391(b)(2) "contemplates that there may be more than one district in which a substantial part of the events giving rise to the claim occurred, and that venue would be proper in each such district." *Sidco Indus. Inc. v. Wimar Tahoe Corp.*, 768 F. Supp. 1343, 1346 (D. Or. 1991); see e.g., *Murphy v. Allen Cty. Claims and Adjustments, Inc.*, 550 F.Supp. 128 (S.D.Ohio 1982) (venue proper in both Northern and Southern Districts of Ohio where letters on which FDCPA claim was based were sent from Northern District and received in Southern District).  As between the two districts, moreover, the Court "do[es] not ask which … is the 'best' venue." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F3d 558, 563 (8th Cir. 2003).

The majority of FDCPA cases have held that a plaintiff's claim arises in the district *where the harm takes place*. See *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2nd Cir.1992) (venue was proper in district where "receipt of a collection

notice is a substantial part of the events giving rise to [FDCPA] claim"); *Paradise v. Robinson and Hoover*, 883 F.Supp. 521, 526 (D. Nev. 1995) (venue proper where plaintiff received debt collection letter); *Russey v. Rankin*, 837 F.Supp. 1103, 1105 (D.N.M. 1993) (consumer's receipt of collection notice was substantial part of events giving rise to claim under FDCPA); *Lachman v. Bank of Louisiana in New Orleans*, 510 F.Supp. 753, 760 (N.D. Ohio 1981) (venue in FDCPA case was proper where plaintiff received debt collection letter because that is where the injury occurred).

Here Plaintiff alleges the violation of the FDCPA was that she was sued in the wrong venue pursuant to 15 U.S.C. § 1692i. The harm occurred where Plaintiff resided, within the jurisdiction of the Southern District of California. "Section 1692i requires that a debt collector's legal action on a debt against a consumer be brought: … only in the judicial district or similar legal entity - (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1511 (9th Cir. Ariz. 1994).

The Ninth Circuit has held that venue is proper where Plaintiff's harm is felt. See *Myers v. Bennett Law Offices*, 238 F.3d 1068 (9th Cir. 2001) ("It is also apparent that the effects of Bennett's conduct were felt in Nevada. The district court refused to place the locus of the injury in Nevada because it found that the "event complained of does not exist in Nevada." Instead, the district court found that the injury occurred wherever one would access Plaintiffs' credit reports. This conclusion is erroneous.") *Id*. at 1074. Here Plaintiff alleges she lived in San Diego county when she was sued in Monterey county. Compl., Docket # 1, page 3 of 5, ¶ 4. When Defendants sued her in Monterey county, a venue where she nether resided at the time the lawsuit was filed, nor where she ever entered into any relevant contract, Defendants violated the FDCPA pursuant to 15 U.S.C. § 1692i. Compl., Docket # 1, page 3 of 5, ¶ 14.

The whole purpose of 15 U.S.C. § 1692i is to avoid harming consumer by suing them in the wrong venue and causing these consumers to incur unreasonable fees and costs.  "Moreover, the purpose of the venue provision supports our rejection of an enforcement-action exception.  In enacting the provision, Congress was concerned about consumers having to defend against suits in "distant or inconvenient" courts. S. Rep. No. 382, 95th Cong., 1st Sess. 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. Consumers face similar burdens in defending against enforcement actions. *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1515 (9th Cir. Ariz. 1994).  Consequently, the harms that took place here were to Plaintiff when she was in San Diego, and venue is therefore proper.

**D.  Defendants' argument regarding the type of debt at issue is meritless.**

Plaintiff alleges in her complaint that the debt at issue was a "consumer debt" as defined by 15 U.S.C. 1692a(5), which means Plaintiff is alleging the debt was for an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily **for personal, family, or household purposes**, whether or not such obligation has been reduced to judgment."  (Bold face added.)  Thus, for the purposes here, the debt must be presumed to be "for personal, family, or household purposes."  *Epstein v. Washington Energy Co.*, 83 F. 3d 1136, 1140 (9th Cir. 1999)  "All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs."

Further, Plaintiff again objects to the attempt by Defendants to introduce extrinsic evidence to support its claim that this is a business debt.  Plaintiff has not had an opportunity to test the veracity of this document, and Plaintiff disputes that the debt at issue here is a business debt.  But that issue is not germane at this stage; Plaintiff's factual allegation that the alleged debt was for personal, family, or household purposes is adequate under Fed. R. Civ. P. 12(b)(6).

However, even if it the court were inclined to address this issue at this time, the Ninth Circuit has made it clear that even if everything Defendant claims were true, this would not be dispositive. In a similar FDCPA case, *Slenk v. Transworld Sys.*, 236 F.3d 1072 (9th Cir. Haw. 2001), the plaintiff brought an FDCPA action against a debt collector and the collector argued that because there was "substantial documentary evidence suggesting that the [item purchased] was purchased for business purposes"[1] any claim under the FDCPA was meritless. The Ninth Circuit rejected this argument and reversed the district court, noting that while the loan agreement was for a backhoe in the name of a construction company, the plaintiff only used the backhoe for personal use. The court concluded that in an FDCPA matter, the issue is neither the lender's motives nor the fashion in which the loan is memorialized, but instead, it is the borrower's *purpose* in obtaining the loan. *Id.*, 236 F.3d at 1075 ("In making this determination, we have elevated substance over form, holding that "neither the lender's motives nor the fashion in which the loan is memorialized are dispositive of this inquiry.")

The Ninth Circuit further noted in *Slenk* that a district court cannot focus exclusively on select documentary evidence, rather than looking to the facts illustrating the actual use to which purchased items were put. *Slenk*, 236 F.3d at 1076.

> By focusing exclusively on select documentary evidence, rather than looking to the facts illustrating the actual use to which the backhoe was put, the forest was lost for the trees. The undisputed evidence in the case at bar proves that the backhoe was used strictly for personal use, and was never used by Slenk's Builders. While this fact contradicts the representations

---

[1] This evidence included "[t]he invoice documenting the sale ("Invoice") lists "Slenk Bldrs" as the purchaser, and shows that Slenk's Builders paid the lower 0.5% sales tax applicable to business purchases, rather than the customary 4% sales tax charged for consumer purchases." Further, in an application for a city building permit for the construction of his home and driveway, dated April 4, 1994, Slenk identified the building contractor as "Slenk's Bldrs." Moreover, on Slenk's tax returns for 1993, the backhoe was listed as the property of Slenk's Builders. This characterization permitted Slenk and his wife to expense the total cost of the backhoe.

> made on the Invoice, Slenk's tax returns, and Slenk's building permit applications, it is not the province of the district court to weigh conflicting evidence for purposes of summary judgment. See *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

*Slenk v. Transworld Sys.*, 236 F.3d 1072, 1076 (9th Cir. Haw. 2001).

The Ninth Circuit went on to hold that it is not the province of the district court to weigh conflicting evidence even at summary judgment [much less a Rule 12 motion]. *Id.*, 236 F.3d at 1076, citing *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). The evidence in this case will establish that purchased items were used primarily for personal use, and not for any business purpose.

Defendant looks to *Bloom v. I.C. System, Inc.*, 972 F.2d 1067 (9th Cir. 1992). However, the Ninth Circuit analyzed *Bloom* when it decided *Slenk* and rejected the same argument Defendants make here.

> We have found it necessary when classifying a loan to " 'examine the transaction as a whole,' paying particular attention to 'the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.' " Bloom, 972 F.2d at 1068 (quoting Tower v. Moss, 625 F.2d 1161, 1166 (5th Cir. 1980)). In making this determination, we have elevated substance over form, holding that "neither the lender's motives nor the fashion in which the loan is memorialized are dispositive of this inquiry." Id. We must therefore "look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone." Riviere, et al. v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir. 1999).

*Slenk v. Transworld Sys.*, 236 F.3d 1072, 1075 (9th Cir. Haw. 2001).

### III.  Conclusion

In the event the court finds Plaintiff's complaint deficient in some manner, Plaintiff requests leave to amend the complaint. Further, in the event the court decides to treat such a motion as a summary judgment motion, Plaintiff requests it be given time to present materials that are pertinent under Fed. R. Civ. P. 56.

**Hyde & Swigart**

Date: May 6, 2013           By:/s/ Joshua B. Swigart
                               Joshua B. Swigart
                               Attorneys for Plaintiff