Christina L. Rymsza, Esq.: (SBN: 233631)
christina.rymsza@michaellegalgroup.com
Lisa D. Dubowski, Esq.: (SBN: 237003)
lisa.dubowski@michaellegalgroup.com
**MICHAEL & ASSOCIATES, PC**
555 St. Charles Drive, Suite 204
Thousand Oaks, California 91360
Telephone: (805) 379-8505
Facsimile: (805) 728-6266

Attorneys for Defendants,
Michael & Associates, PC (erroneously sued as Michael & Associates);
Lina M. Michael (erroneously sued as Attorney Lina)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. LYONS, | CASE NO. 13CV0011-LAB-KSC |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)** |
| vs. | |
| MICHAEL & ASSOCIATES, PC (erroneously sued as Michael & Associates); LINA M. MICHAEL (erroneously sued as Attorney Lina), | DATE: May 20, 2013<br>TIME: 11:30 a.m.<br>JUDGE: Honorable Larry Alan Burns<br>COURTROOM: 14A |
| Defendants. | |

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Defendants, Michael & Associates, PC and Lina M. Michael, hereby reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Complaint Under Rules 12(B)(6) and 12(B)(3).

1

I.     **Plaintiff's Complaint Should be Dismissed as Time-Barred by the Statue of Limitations Set Forth by 15 U.S.C. §1692k(d)**

15 U.S.C. §1692k(d) sets forth the statue of limitations for actions brought pursuant to 15 U.S.C. §§1692-1692(p). It states:

> "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

The basis of Plaintiff's Complaint, is the filing of a complaint in the County of Monterey, by Michael & Associates, PC, and Lina M. Michael, on December 7, 2011. However, Plaintiff's Complaint was filed January 3, 3013, over a year after the alleged violation. Thus of the face of statue, this case should be dismissed as time-barred, because the sole violation mentioned in Plaintiff's Complaint was the filing of a complaint by Defendants, against Ms. Lyons, over a year prior to the filing this Complaint.

In *Naas v. Stolman*, 130 F.3d 892 (9th Circuit 1997), the Ninth Circuit concluded that the Statue of Limitations begins to run on the date that the lawsuit at issue is filed, if the filing of the Complaint is the alleged Federal Debt Collection Practices Act (FDCPA) violation. The *Naas* decision is still good law and has never been overturned. Plaintiff argues in her Opposition that the Ninth Circuit follows a general discovery rule that "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009). However, the *Mangum* case can be clearly distinguished from the case at hand. *Mangum* involved a different FDCPA violation than this case. It involved the alleged disclosure by a collection agency to an employer that an employee had written bad checks. *Mangum* involved a situation in which "the first time the

2

consumer discovered, or could have discovered, that her checks had been disclosed to the city was December 15, 2004, when she spoke with the captain, and consumer filed action on December 14, 2005." *Id.* at 941.  Thus, in that case, it made sense for the Court to apply the discovery rule under those circumstances. Furthermore, in *Mangum*, the Court was extremely careful not to broadly apply the discovery rule.  When it applied the rule in *Mangum*, the Court said, "We simply cannot declare that the [discovery] rule is inapplicable **in a case like this one**" (bold emphasis added).  *Id.* at 941.  In fact, the Court in *Mangum* admitted "the Supreme Court expressed some skepticism about general application of the discovery rule." *Id.* at 941.  In the case at hand however, the alleged violation is the filing of a complaint in state court in a venue in which the debtor consumer did not reside.  The filing date of a complaint is easily ascertainable, as pointed out by the Court in *Naas*.  Thus, there is no need for the discovery rule to apply.

    In *Cappos v. Suppa, Trucchi & Henin, LLP* (2012) U.S. Dist. Lexis 173383 (S.D. Cal. December 6, 2012), Judge M. James Lorenz of the U.S. District Court, Southern District of California, stated:

> As a general rule, "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998)) **However**, Ninth Circuit authority also provides that when the alleged violation of the FDCPA is the filing of a lawsuit, the statue of limitations begins to run on the filing of the complaint in the state court. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Circuit 1997) (bold emphasis added).

He then ruled as follows: "The limitations period began on November 5, 2010 when Wells Fargo commenced the state-court action. *See Naas*, 130 F.3d at 893." *Id.*  Thus, the Southern District Court of California in *Cappos* followed the

3

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**

*Naas* decision, and did not apply the general discovery rule where the specific violation was the filing of a complaint. Thus, this court is bound by this Southern District decision and must rule that Plaintiff's Complaint is time-barred because the Statue of Limitations started to run from the date of the filing of the state court action.

## II. Plaintiff's Complaint Should be Dismissed Under the Doctrine of Laches

Plaintiff's Opposition claims that the doctrine of laches is an equitable doctrine that cannot be applied to FDCPA claims. However, Plaintiff fails to cite a case law specifically on point. It appears that the U.S. Court of Appeals and the U.S. Supreme Court have not spoken on this specific issue. Under the circumstances of this particular case, the doctrine of laches would be very appropriate for this Court to apply.

The doctrine of laches is comprised of three elements: (1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party. The doctrine of laches may bar a plaintiff's claim even though the applicable statue of limitations has not expired if the laches are of such character as an equitable estoppel. *Shafer v. Lambie*, 667 N.E.2d 226, 231 (Ind.Ct.App. 1996).

In the case at hand, Plaintiff's Complaint should be barred by the doctrine of laches. The basis of Plaintiff's Complaint is a complaint filed on December 7, 2011 in Monterey and personally served upon Deborah A. Lyons on January 15, 2012. The entire of the basis of the Complaint is that Defendants filed their Complaint in state court against Plaintiff in a venue in which she did not reside. However, in this underlying state case, Deborah A. Lyons waived venue. Ms.

4

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**

Lyons' attorney never filed a motion to dismiss for lack of venue nor a motion to transfer venue on her behalf. Instead, his firm filed an Answer on behalf of Ms. Lyons in March 2012. In her Answer, Ms. Lyons never raised the issue of venue. Notice of an April 15, 2013 trial date was mailed to Plaintiff's attorney on December 13, 2012. Plaintiff's attorney, on behalf of Plaintiff, filed the Complaint in this federal case on January 3, 2013. This state case settled on or about April 12, 2013.

Here, the elements of laches are met. First, Plaintiff waited over a year since the filing of the underlying state case to raise the issue of venue. She never filed any motion or other document in the state case relating to venue. Second, as mentioned above, in this underlying state case, Deborah A. Lyons directly waived venue. Ms. Lyons never filed a motion to dismiss for lack of venue nor a motion to transfer venue. Instead, she filed an Answer in March 2012. In her Answer, Ms. Lyons never raised the issue of venue. Thus, Michael & Associates, PC, and Lina M. Michael, who represent American Express in the state case, had reason to believe that Ms. Lyons would not bring up the issue of venue, in state court, federal court, or otherwise. Third, Michael & Associates, PC, and Lina M. Michael, relied upon the waiver of Ms. Lyons to their prejudice. Michael & Associates, PC, and Lina M. Michael prepared for a trial to take place in Monterey. They had to schedule an attorney to be present at the trial and they had to make travel reservations to attend the trial in the state case. In addition, in delaying the filing of the Complaint in this federal case until after the statue of limitations has expired, has caused Michael & Associates, PC, and Lina M. Michael further prejudice, by causing them to have to defend themselves on an untimely claim.

Laches is generally allowed by a court when a defendant could reasonably have believed that the plaintiff was not going to exercise his or her legal rights and acted on that belief to his or her detriment. "When the defense of laches is clear on

5

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**

the face of the complaint, and where it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar, a court may consider the defense on a motion to dismiss." *Solow v. Nine West Group*, 2001 U.S. Dist. LEXIS 8848, 2001 WL 736794, *3 (S.D.N.Y. June 29, 2001).

Plaintiff points out in her Opposition that the basis for applying the doctrine of laches to this case is factual. However, they are facts in which this Court can take judicial notice because they are all part of the docket of the underlying state case addressed above. *See* Defendants' Request for Judicial Notice filed with their Motion to Dismiss. Since all of the elements of laches have been met, this Court should dismiss this case based upon the grounds and authority set forth above.

### III. Plaintiff's Complaint Should Be Dismissed Under 12 (b)(3) For Improper Venue

Defendants move this Court to dismiss this action on the basis of improper venue. Under *28 U.S.C. §1391(b)*. In her Opposition, Plaintiff states "The majority of FDCPA case have held that a plaintiff's claim arises in the district *where the harm takes place*." Plaintiff's Opposition, Docket 7, page 6, lns 26-27. By Plaintiff's own admission, where the alleged harm takes place is not the only sole determining factor for venue. In addition, where the harm occurred in this matter is not necessarily in San Diego as Plaintiff argues, as the sole violation alleged in the Complaint is the filing of a lawsuit in Monterey County. Furthermore, Plaintiff fails to take consider that this Court must have proper personal jurisdiction over the Defendants, whom are non-residents of the Southern District.

Personal jurisdiction over a non-resident defendant must satisfy the requirements of the applicable long arm statute and the exercise of jurisdiction must comport with federal due process. *See Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir.2009). In this case, San Diego is not the proper venue for this action. Defendant Lina M. Michael is a resident of the City of Thousand

6

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**

Oaks, County of Ventura, California.  Defendant Michael & Associates, PC, is a professional corporation located in Thousand Oaks as well.  Moreover, under *28 U.S.C.§1391(c)*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to "personal jurisdiction" at the time the action is commenced.

In *Brayton Purcell, LLP, v. Recorden & Recorden*, 606 F.3d 1124 (9th Cir. 2010), the Court employed a three prong test to determine whether a party had sufficient minimum contacts to be susceptible to personal jurisdiction.  The first prong was that the (1) non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e, it must be reasonable. *See* also *Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006); (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) and *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

The Ninth Circuit has consistently held that "something more" than the "foreseeable effect" of an intentional tort committed against a party known to be a resident of the forum is required to establish venue.  *Pebble Beach Co. v. Caddy* 453 F.3d 1151, 1158 (9th Cir. 2006).

Here, there is nothing that confers personal jurisdiction over Defendants, whom are located in Thousand Oaks, California.  The act which prompted this lawsuit was the filing of a lawsuit in Monterey County, not San Diego.  Thus, there could be no availing of the benefits of the forum, purposeful direction, or "aiming" towards the San Diego forum.  As the Ninth Circuit held in *Pebble Beach* and

7

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**

*Schwarzenegger*, the mere fact that the Plaintiff resides in San Diego County, is clearly not enough to confer personal jurisdiction over either Defendant.

Under *28 U.S.C. §1406(a)*, "the district court of a district in which is filed a case laying venue in the wrong division or district **shall dismiss**, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought" (bold emphasis added). This Court should dismiss this action with prejudice based on improper venue, since there are several defects with this Complaint including a statute of limitations bar which Plaintiff cannot repair.

### IV. Plaintiff's Complaint Should Be Dismissed Because The FDCPA Does Not Apply To The Type Of "Debt" Underlying Plaintiff's Complaint

Plaintiff points out in her Opposition to Defendant's Motion to Dismiss: "Plaintiff **alleges** in her complaint that the debt at issue was a consumer debt as defined as defined by 15 U.S.C. §1692a(5)" (bold emphasis added). Plaintiff's Opposition, Docket 7, page 8, lns 12-13. Defendant acknowledges the fact that Plaintiff has made that allegation in her Complaint, but Plaintiff may "allege" all she wants. If the facts that the Court may rightfully take judicial notice of indicate that Plaintiff's allegations are false, the Court should grant Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted.

The Court is not required "to accept as true allegations that are merely conclusory, **unwarranted** deductions of fact, or **unreasonable** inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008); *Sprewell v. Golden State Warrior*, 266 F.3d 979, 988 (9th Cir. 2001) (bold emphasis added). To avoid a 12(b)(6) dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

As discussed in Defendant's Motion to Dismiss, the holding in *Slenk v.*

8

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**

*Transworld Sys.*, 236 F.3d 1072, 1076 (9th Cir.Haw. 2001), is dispositive to the case at bar.  In *Slenk*, the Ninth Circuit evaluated a "loan" that was used to purchase a backhoe. The Ninth Circuit focused primarily on the manner in which that backhoe was used and concluded that there was conflicting evidence since it appeared that the hoe was used "strictly" for personal use, and was never used by Slenk's builders. The Court refused to grant a summary judgment motion on that basis.

Here, however, we are evaluating the usage of a credit card, not a loan. A credit card is different because a credit card is usually utilized over the course of several years and used by individuals to make numerous purchases, not just one. Thus, in the context of credit cards, it makes more sense to look at the "purpose" for which the credit card was issued. Here, the credit card agreement indicates that the card must be utilized for business and commercial purposes.  Moreover, the Court did not, as Plaintiff suggests in her Opposition, reject the analysis in *Bloom v. I.C. System, Inc.*, 972 F.2d 1067 (9th Cir. 1992).  The Ninth Circuit's holding in *Slenk*, was very limited in that the Court simply decided not to grant a summary judgment motion in light of conflicting evidence.

Here, there is no conflicting evidence. There is a cardmember agreement, and a cardmember statement which clearly contains not only the name of the individual defendant, but the name of her business as well. Both of these documents indicate the purpose for which credit was extended.  This Court may take judicial notice of these documents, as they are exhibits to the underlying Complaint in the state case against Ms. Lyons.  *See* Defendants' Request for Judicial Notice filed with their Motion to Dismiss.

Specifically, Plaintiff applied for an American Express "True Earnings Business Credit Card."  The credit card is called a "Business" card because it requires a business entity on the account and is designed specifically for

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**

businesses. Both the card member agreement and the statement attached indicate that this was a "business" credit card. The card member agreement also contains an admonition that the card was to be "utilized for business and commercial purposes." Thus, the overall purpose for which the credit was extended in this case was clearly for commercial purposes.

The sole piece of evidence that this Court has to contradict these documents, is the unsupported allegation made by Plaintiff that the debt at issue was a "consumer debt." Unsupported allegations such as these cannot be used to avoid a 12(b)(6) dismissal. Thus, Plaintiff's Complaint should be dismissed because the FDCPA does not apply to the type of debt underlying Plaintiff's Complaint, which is a business commercial debt.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: May 13, 2013                             MICHAEL & ASSOCIATES, PC


　　　　　　　　　　　　　　　　　　　　　　 /s/ Christina L. Rymsza____
　　　　　　　　　　　　　　　　　　　　　　CHRISTINA L. RYMSZA,
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants,
　　　　　　　　　　　　　　　　　　　　　　Michael & Associates, PC;
　　　　　　　　　　　　　　　　　　　　　　Lina M. Michael

10

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(3)**