# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. LYONS, | CASE NO. 13cv11-LAB (KSC) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | |
| MICHAEL & ASSOCIATES, et al., | |
| Defendant. | |

Plaintiff Deborah Lyons filed this action, seeking relief pursuant to the Fair Debt Collection Practices Act (FDCPA). Her claim arises out of a lawsuit filed in Monterey County, California, in an effort to collect a debt that had been transferred to Defendant Michael & Associates. Because Michael filed suit in a county where she didn't sign the contract sued on, and outside of the judicial district where she resided, Michael violated 15 U.S.C. §§ 1691i and is liable to her.

Michael moved to dismiss for improper venue, because the FDCPA does not apply to the type of debt referenced in the complaint, and because it is time-barred. The Court addresses the threshold issue of venue first. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

///

**Venue**

Defendants allegedly filed suit in Monterey County. One of them, Lina Michael, resides in Ventura County. The residence of the other, Michael & Associates, P.C., is completely unclear. Michael & Associates' residency is determined under 28 U.S.C. § 1391(c)(2) and (d). Under those provisions, Michael & Associates is deemed to reside in any district where it would be subject to this Court's jurisdiction.[1]

Michael & Associates says its principal place of business is in Thousand Oaks, which is in the Central District of California. But Michael & Associates says nothing about whether it does business elsewhere.

Lyons points out that, because she lives in this District, the harm would be felt here, so venue is proper here. The pleadings imply, but don't specifically allege, that Lyons was served in this District. It is also a strong possibility that any judgment against Lyons in the Monterey County lawsuit would be enforced against her in this District out of assets also located in this District. But most important is the fact that Lyons resides in this District and must defend the lawsuit from here. This is enough to establish, at this stage, that a substantial part of the events giving rise to Lyons' claim occurred. *See* § 1391(b)(2). It therefore doesn't matter where Michael & Associates or Lina Michael reside.

Other courts have relied on the same analysis in FDCPA cases to find that venue is proper in the district where the plaintiff resided, and where offending communications (collection letters, phone calls, etc.) were presumably received. *See Partee v.United Recovery Group*, 2010 WL 1816705 at *2 (C.D.Cal., May 3, 2010) (citing, *inter alia, Maloon v. Schwartz, Zweban & Slingbaum, LLP*, 399 F. Supp. 2d 1108, 1114 (D.Haw. 2005)) (deeming phone calls received in district where plaintiff in FDCPA case resided, even though she failed to allege that fact formally).

The Court therefore determines that venue is proper in this District.

///

---

[1] Defendants discuss personal jurisdiction in the course of arguing that venue is improper venue. But they don't seek dismissal based on lack of personal jurisdiction.

**Statute of Limitations**

A FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The parties agree Lyons filed this suit within a year of being served with process, but more than a year after the suit was filed. The bone of contention is which is the relevant date.

Several years ago, it would have been assumed that this would be governed by *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997), which held that the one-year statute of limitations for FDCPA claims began to run on the date an offending lawsuit was <u>filed</u>. *See Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010) (citing *Naas* as holding that one-year clock begins to run on filing of the complaint). But in 2009, the Ninth Circuit, without citing *Naas*, held that the relevant date in FDCPA actions is the date the plaintiff discovered or could have discovered her cause of action. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009). Lyons argues this is the date she was served with process.

Since then, courts have struggled to reconcile these two holdings. *Cappos v. Suppa, Trucchi & Henin, LLP*, 2012 WL 6057995, at *3 (S.D.Cal., Dec. 6, 2012) (Lorenz, J.) held that *Magnum* pointed out the general rule, but *Naas* applied specifically where the offending action was the filing of a lawsuit. *See id.* at *3 ("The limitations period began . . . when [the defendant] commenced the state-court action.") Defendants claim that this Court is bound by *Cappos*, but that is wrong. U.S. District Judges are not bound by the holdings of other District Judges, or even by their own holdings in other cases. *See F.C. Bloxom Co. v. Fireman's FundIns. Co.*, 2012 WL 1631967 at*2 (W.D. Wash., May 9, 2012) (citing authority). Nevertheless, *Cappos* is persuasive precedent.

Another approach is represented by *Huy Thanh Vo. v. Nelson & Kennard*, ___ F. Supp. 2d ___, 2013 WL 1091207, slip op. at *3–4 (E.D.Cal., Mar. 15, 2013). That opinion held that *Naas* applies to cases where the plaintiff in the FDCPA action was properly named and served. In those cases, the one-year limitations period begins to run from the date the violation occurred, *i.e.*, the date the offending lawsuit was <u>filed</u>. But where the FDCPA plaintiff wasn't properly named and served, the court reasoned, *Mangum*'s discovery rule

applies. For example, in *Greco-Rambo v. Prof'l Collection Consultants*, 2011 WL 3759676, (S.D.Cal., Aug. 25, 2011) (Sammartino, J.), the FDCPA plaintiff apparently never learned about the lawsuit until thirteen months after it was filed, when her wages were garnished. In that case, the plaintiff was given an opportunity to show that equitable tolling applied.

In view of the persuasive reasoning of *Huy Than Vo*, the Court believes *Naas* should apply here. In any event, in the face of a direct conflict between two otherwise equally binding precedents, the Court would apply the earlier. *See House v. Nevada*, 2011 WL 336854, at *1 n.1 (D.Nev., Jan. 31, 2011) (citing *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)).

Because Lyons' claim accrued when the action was filed in Monterey County, over a year before she filed this action, her claims under the FDCPA are therefore time-barred.

**Conclusion and Order**

Because the Court has concluded that Plaintiff's claims are time-barred, it need not reach the other issues raised in Defendants' motion to dismiss. Plaintiff's claims are **DISMISSED** and this action is **DISMISSED WITH PREJUDICE**. All pending dates are **VACATED** and all other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: August 28, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge